# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SRL MONDANI, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-04-010 EMD CCLD |
| | ) | |
| MODANI SPA RESORT, LTD., NEIL | ) | |
| KAYE, and JUDY KAYE, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 31, 2017
Decided: April 28, 2017

*Upon Defendants' Motion to Dismiss*
***DENIED***

Gregory E. Stuhlman, Esquire, and Brittany M. Giusini, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware. *Attorneys for SRL Mondani, LLC.*

Chad S.C. Stover, Esquire, and Regina S.E. Murphy, Esquire, Barnes & Thornburg LLP, Wilmington, Delaware. *Attorneys for Modani Spa Resort, Ltd., Neil Kaye, and Judy Kaye.*

**DAVIS, J.**

## I. INTRODUCTION

This breach of contract action is assigned to the Complex Commercial Litigation Division of the Court. Plaintiff SRL Mondani LLC's ("SRL") filed its Complaint on April 1, 2016. Through the Complaint, SRL seek repayment of a loan and interest from Defendants Modani Spa Resort, Ltd., Neil Kaye, and Judy Kaye (collectively, "Defendants").

On July 13, 2016, Defendants moved to dismiss the Complaint, and filed their Opening Brief in Support of Defendants' Motion to Dismiss (the "Motion"). Defendants allege that the parties' various contracts mandate Israeli jurisdiction and application of Orthodox Jewish law and this mandate overrides all other forum selection clauses. Alternatively, Defendants argue for dismissal on *forum non conveniens* grounds—*e.g.*, litigating in Delaware is an extreme hardship,

as the parties' sole collective tie to Delaware is SRL's incorporation here. SRL opposes the Motion, submitting its Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss (the "Answer"). Defendants responded to the Answer on September 26, 2016 with their Defendants' Reply in Support of Their Motion to Dismiss filed on October 31, 2016 (the "Reply").

The Court held a hearing and heard oral argument on the Motion, Answer, and Reply on January 31, 2017. At the conclusion of the hearing, the Court took the Motion under advisement. This is the Court's decision on the Motion. For the reasons set forth below, the Court **DENIES** the Motion.

## II.    FACTUAL BACKGROUND

SRL is a Delaware limited liability company.[1] Modani Spa Resort Ltd. ("Modani") is a company organized under the State of Israel.[2] Mr. Kaye and Ms. Kaye are Israeli residents.[3] Defendants wanted to build a resort in Israel.[4] SRL lent Defendants $1.5 million to assist in the building of that resort.[5]

On September 4, 2015, the parties executed three agreements in conjunction with the loan. First, the parties executed a Bridge Financing Agreement ("Agreement").[6] Under the Agreement, Modani agreed to repay the full principal plus interest by January 2, 2016.[7] Second,

---

[1] Plaintiff's Complaint ("Pl.'s Compl.") ¶ 1.
[2] *Id.* ¶ 2.
[3] *Id.* ¶¶ 3–4.
[4] *See* Defs.' Mot. at 2–3.
[5] Pl.'s Compl. ¶ 5
[6] *Id.* Ex. A.
[7] *Id. at* § 4.1 ("Unless the Principal Amount and all accrued interest thereon has been previously repaid in full or the Principal Amount has been converted in full pursuant to the terms of this Agreement, all of the outstanding Principal Amount and all accrued interest thereon shall immediately become due and payable in cash upon the earlier of (a) the 120 day anniversary of this Agreement[.]"). January 2, 2016 is the 120 day anniversary.

Modani executed a $1.5 million promissory note (the "Note").[8]  In connection with the

financing, Mr. Kaye and Ms. Kaye also signed a personal guarantee (the "Guarantee"),

promising to repay the loan in the event Modani did not.[9]

The parties also signed two related agreements.  First, the parties signed the Iska

Contract.[10]  The Iska Contract provides, among other things, that (i) Defendants received $1.5

million from SRL to be used for business purposes;[11] (ii) Defendants were obligated to use the

funds in a manner they believed would generate profits;[12] and (iii) any profits realized or losses

sustained shall be shared equally between SRL and Defendants.[13]  Second, the parties entered a

Share Issuance Agreement, whereby Defendants issued 44,859,130 ordinary shares of Modani

stock to SRL in exchange for SRL's lending Modani shareholder loans and capital notes.[14]

Modani did not repay the loan by January 2, 2016.[15]  On January 4, 2016, SRL notified

Modani that it was in default, and demanded full payment of principal and interest within

fourteen days.[16]  SRL also notified Mr. Kaye and Ms. Kaye, as Guarantors.[17]  Modani did not

---

[8] *Id.* Appendix B ("For value received, Modani Spa Resort Limited hereby promises to pay to the order of SRL Mondani LLC the sum of one million give hundred thousand United States Dollars together with any applicable interest thereon in accordance with that certain Bridge Financing Agreement dated September 4, 2015 by and between [the parties.]").

[9] *Id.* Ex B. ¶¶ 2–4 ("Each Guarantor hereby unconditionally and irrevocably guarantees the prompt and complete payment of all amounts that [Mondani] . . . owes to [SRL] under that certain Bridge Financing Agreement entered into between [SRL] and [Mondani] dated on around the date hereof.  Each Guarantor (as principal obligor and not merely as a surety) absolutely, irrevocably and unconditionally guarantees to [SRL], that in the event [Mondani] does not comply with any of its obligations under the Agreement to pay any amount when due, to immediately pay [SRL] all amounts due thereunder (including, without limitation, all interest and fees accrued thereon).  The Guarantors shall pay SRL, immediately after the receipt of SRL's written demand (and in any event no later than 5 days thereafter) . . ., the sum stated in the demand[.]").

[10] *Id.* Ex. A at Appendix C.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Declaration of Neil Kaye in Support of Defendants' Opening Brief in Support of Their Motion to Dismiss ("Kaye Dec."), Ex. 1.

[15] Pl.'s Compl. ¶ 9.

[16] *Id.* ¶ 10.

[17] *Id.* Ex. C.

repay the loan within the fourteen day mandate.[18] On January 13, 2016, SRL demanded payment from Mr. Kaye and Ms. Kaye.[19] Mr. Kaye and Ms. Kaye did not pay under the Guarantee.[20]

## III. LEGAL STANDARD

Superior Court Civil Rule 12(b)(3) ("Civil Rule 12(b)(3)") governs a motion to dismiss or stay on the basis of improper venue. Under Civil Rule 12(b)(3), the Court should give effect to private agreements' terms to resolve disputes in a contractually-designated judicial forum, out of respect for the parties' contractual designation.[21] The Court can grant dismissal prior to discovery, on the basis of affidavits and documentary evidence, if the plaintiff cannot make out a *prima facie* case in support of its position.[22] The Court generally will allow discovery in connection with Civil Rule 12(b)(3) motion when the plaintiff advances a non-frivolous legal argument that would defeat the motion if the facts turn out to be as alleged.[23]

## IV. DISCUSSION

For purposes of the Motion, the Court finds that the relevant agreements are the Agreement and the Guarantee. The Agreement contains a forum selection clause, which states:

> This Agreement shall be governed by and construed according to the laws of the State of Delaware, without regard to the conflict of laws provisions thereof. Any dispute arising under or in relation to this Agreement shall be resolved in the competent courts situated in Delaware, and each of the parties hereby submits irrevocably to the exclusive jurisdiction of such court.[24]

Further, the Guarantee also contains a mandatory Delaware forum selection clause, which states:

> [T]he law applicable to this Guarantee and to any matter in connection with and relating to it shall be law of the state of Delaware without regard to provisions

---

[18] *Id.* Ex. D.
[19] *Id.* ¶ 12.
[20] *Id.* ¶ 13.
[21] *Loveman v. Nusmile, Inc.*, C.A. No. 08C-08-223 MJB, 2009 WL 847655, at *2 (Del. Super. Mar. 31, 2009).
[22] *Id.* (citing *Simon v. Navellier Series Fund,* No. 17734, 2000 WL 1597890, at *4 (Del. Ch. Oct. 19, 2000)).
[23] *HealthTrio, Inc. v. Margules*, C.A. No. 06C-04-196, 2007 WL 544156, at *2 (Del. Super. Jan. 16, 2007) (citing *Simon,* 2000 WL 1597890, at *4).
[24] Pl's. Compl. Ex. A (Agreement § 10.5).

regarding choice of laws. Exclusive jurisdiction on any matter relating to this Guarantee shall be vested in the competent court situated in Delaware.[25]

Defendants contend the Iska Contract supersedes the Agreement's and Guarantee's forum selection clauses. The Iska contract's forum selection clause states: "[A]ny dispute which may arise in connection with this agreement shall be submitted before the courts of Israel."[26] Even if Iska Contract were applicable, Defendants have not cited, and the Court cannot locate, any case law showing an Iska or any contract comporting with Jewish law supersedes other, concurrent contracts. The Court has found, however, several decisions that discuss Iska contracts and characterize those contracts as religious formalities used to satisfy Jewish customs.[27]

The Court does not agree with SRL that the Iska Contract's forum selection clause should be disregarded (or given less weight) because it is, purportedly, a form agreement. The Court has not been presented with anything that demonstrates that the Iska Contract is a contract of adhesion or that SRL is not a sophisticated party that could have negotiated the specific terms of the Iska Contract. Simply put, however, SRL is seeking to enforce the Agreement, the Note and the Guarantee and not the Iska Contract. Therefore, there is no present dispute arising in connection with the Iska Contract. Defendants educated the Court as to potential issues regarding verification of loss, monthly payments and alike under the Iska Contract, but those issues are not yet before the Court and may never be before the Court. Under these circumstances, the Court does not find or hold that the Iska Contract's forum selection clause should control over the forum selection clauses contained in the Agreement and the Guaranty.

---

[25] Pl.'s Compl. Ex. B at § 15.

[26] *Id.* Ex. A at Appendix C.

[27] *See, e.g., Kirzner v. Plasticware, LLC,* 16 N.Y.S.3d 792 (TABLE), 2015 WL 1723411 at *1 (N.Y.Sup. Ct., Apr. 15, 2015); *Arnav Indus., Inc. Employee Ret. Trust v. Westside Realty Assocs.,* 579 N.Y.S.2d 382, 383 (N.Y. App. Div. 1992)

5

Alternatively, Defendants argue this Court should dismiss this action under *forum non conveniens.* The *forum non conveniens* doctrine permits a court to exercise its discretion to dismiss where another forum is more convenient.[28] To succeed on a motion to dismiss for *forum non conveniens*, a defendant must show "that it will suffer overwhelming hardship and inconvenience if required to litigate in Delaware."[29] "[T[he overwhelming hardship standard is not intended to be preclusive. Rather, it is intended as a stringent standard that holds defendants who seek to deprive a plaintiff of her chosen forum to an appropriately high burden."[30] "The overwhelming hardship requirement involves a discretionary determination" by the Court as it applies the "*Cryo-Maid*" factors.[31] After reviewing the *Cryo-Maid* factors, the Court finds that six of the seven factors either are neutral or favor SRL, and outweigh the lone factor that arguably favors Defendants.

*Relative Ease of Access to Proof*—Defendants argue that everything necessary is in Israel: the property at issue, the Defendants, and most of the bankers and negotiators. Defendants argue that "no witnesses or documents concerning the formation of the partnership contract, the development of the property, or the key bank loan negotiations are located in Delaware." The Complaint does not raise claims with respect to the Resort. The Complaint seeks damages from Defendants' purported failure to repay SRL's loan—the Agreement, the Note and the Guarantee. The case is, therefore, about alleged breaches of contracts. Modern

---

[28] *Martinez v. E.I. DuPont de Nemours & Co.*, 86 A.3d 1102, 1104 (Del. 2014), *as revised* (Mar. 4, 2014).
[29] *USH Ventures v. Glob. Telesystems Grp., Inc.,* No. 97C-08-086 WTQ, 1998 WL 281250, at *5 (Del. Super. May 21, 1998) (internal quotation marks and citation omitted).
[30] *Martinez*, 86 A.3d at 1105 (citation omitted).
[31] *Id.* at 1104; *see also General Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d. 681 (Del. 1964). These factors are:
    1. The relative ease of access to proof;
    2. The availability of compulsory process for witnesses;
    3. The possibility of the view of the premises;
    4. Whether the controversy is dependent upon the application of Delaware law which the courts of this State more properly should decide than those of another jurisdiction;
    5. The pendency or nonpendency of a similar action or actions in another jurisdiction; and
    6. All other practical problems that would make the trial of the case easy, expeditious and inexpensive.

methods of communication should facilitate transcontinental document exchange, making documentation in this case easier to produce.[32] This factor favors SRL or is, at best, neutral.

*The availability of compulsory process for witnesses*—Defendants contend all third-party witnesses are located in Israel. But, Defendants do not state the specific substance of their testimony. Delaware law requires that Defendants must "identify specifically the witnesses not subject to compulsory process and the specific substance of their testimony."[33] And, like the relative ease of access to proof factor, modern methods of communication facilitate transcontinental depositions. This factor favors SRL or is, at best, neutral.

*The possibility of the view of the premises*—Defendants contend this factor favors dismissal because the resort is in Israel. As discussed, this dispute is about Defendants' purported failure to satisfy their obligations under the Agreement, the Note and the Guarantee. Viewing the premises, at this point, seems to have little effect on the case's outcome. This factor favors SRL or is, at best, neutral.

*The application of Delaware law*—Defendants believe this factor favors dismissal because of a disconnect between Delaware law and Orthodox Jewish law. Specifically, Defendants claim Israel has a particular interest in the proper interpretation of such laws, and Delaware does not. As discussed, this case is about interpretation of the parties' Agreement and Guarantee. Both contain Delaware forum selection clauses and Delaware choice of law provisions. Delaware law applies to these agreements. This factor favors SRL.

*The pendency or nonpendency of a similar action or actions in another jurisdiction*—There is no prior pending action. In the *forum non conveniens* analysis, the absence of a prior

---

[32] *See, e.g., Barrera v. Monsanto Company,* C.A. No. N15C-10-118 VLM, 2016 WL 4938876, at *6 (Del. Super. Sept. 13, 2016) (quoting *Rapaport v. Litig. Trust of MDIP, Inc.,* No. 1035-N, 2005 WL 5755438, at *5 (Del. Ch. Nov. 23, 2005).

[33] *In re Asbestos Litig.*, 929 A.2d 373, 384 (Del. Super. 2006).

pending action in another jurisdiction "is an important, if not controlling, consideration."[34] It is well-established that, without such other pending action, judicial discretion is to be exercised sparingly in favor of dismissal.[35] This factor favors SRL or is, at best, neutral.

*All other practical problems that would make the trial of the case easy, expeditious and inexpensive*—Defendants argue that litigating this case in Delaware will impose a huge financial and time burden on Mr. Kaye and Ms. Kaye, as they live and work in Israel, more than 5,700 miles from Delaware, and have no ties whatsoever to Delaware. The Court also recognizes there are language and logistics concerns if Mr. Kaye and Ms. Kaye have to litigate in Delaware. As to expense, the Court notes that there is $1.5 million or more at issue in this civil action. Moreover, Defendants admit they have spent large sums in developing the property in Israel. The Court sees this as a dispute among sophisticated business entities and persons. Some expense had to be envisioned relating to the overall transaction. Despite this the Court finds that this factor arguably favors Defendants or is, at worst, neutral.

While one of the *Cryo-Maid* factors arguably favors Defendants, the remaining factors favor SRL or are, at best, neutral. Under these circumstances, the Court will not dismiss the Complaint on *forum non conveniens* grounds.

## V.    CONCLUSION

In sum, the Agreement, the Note and Guarantee, at present, control this litigation. This Court is a proper venue for this dispute. And, dismissal under *forum non conveniens* is inappropriate. For these reasons, Defendants' Motion to Dismiss is **DENIED.**

/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[34] *In re Asbestos Litig.,* 929 A.2d at 387.
[35] *Id.*